IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN J. FRIEND, | ) | CASE NO. 5:07 CV 2750 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Steven J. Friend, for disability insurance benefits and supplemental security income.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Friend had severe impairments consisting of arrhythmia/ syncope, chronic obstructive pulmonary disease, back and neck pain, right shoulder pain, and left shoulder pain.[1]  The ALJ determined that Friend had the following residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift up to ten pounds both frequently and occasionally, based on the assessment of Dr. Angerman, the claimant's family practice physician, which is found at Exhibit 30F, page 2.  I agree with

---

[1] Transcript ("Tr.") at 28.

> Dr. Nusbaum that the claimant can sit without limitation and that he can stand/walk for one hour at a time to a total of six hours in a workday.  He cannot work around heights or ladders but he can push/pull up to five pounds frequently and ten pounds occasionally.  He can reach overhead occasionally.  <u>Mentally</u>, I find that the claimant has the limitations described by Dr. Ickes: the claimant can follow simple one and two step instructions and he can perform simple, repetitive work.  He cannot do fast paced jobs.  He can do work requiring no more than occasional significant changes in a work environment (Exhibit 26F, page 3).[2]

The ALJ decided that the above-quoted residual functional capacity rendered Friend unable to perform his past relevant work.[3]

Based upon an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Friend could perform.[4]  The ALJ, therefore, found Friend not under a disability.[5]

Friend asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Friend argues that the ALJ failed to give proper weight to the opinions of his treating physicians, Kenneth Shafer, M.D. and Dale Angerman, M.D.  Second, he submits that the residual functional capacity finding did not adequately reflect the limitations caused by his mental impairments.

---

[2] *Id.* at 29.

[3] *Id.* at 31.

[4] *Id.* at 32.

[5] *Id.* at 33.

I conclude that the ALJ gave appropriate weight to the opinions of Friend's treating physicians, and the mental limitations incorporated into the residual functional capacity finding has the support of substantial evidence in the record. The decision of the Commissioner to deny Friend's applications for disability insurance benefits and supplemental security income must be affirmed.

**Analysis**

**1.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[7]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.     The weight afforded to Friend's physicians**

In this case, the ALJ found that Friend had a diminished residual functional capacity of less than light, almost down to sedentary, with substantial non-exertional limitations to compensate for mental impairments.[9]  Despite this diminished residual functional capacity, Friend takes issue with the finding on the grounds that the ALJ did not give proper weight to the opinions of two of his treating physicians, Dr. Shafer, his treating cardiologist, and Dr. Angerman, his primary care physician.

Dr. Shafer had a long treating relationship with Friend and his observations, diagnosis, and treatment are well documented.  Dr. Shafer did offer two evaluations.[10]  In both, although he documented Friend's cardiac impairment, and also made some comments about his mental impairments, he declined to give any opinion concerning work-related limitations.[11]

---

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[9] Tr. at 29.

[10] *Id.* at 462-67 (September 13, 2006); 493-99 (February 20, 2007).

[11] *Id.* at 465-67; 496-98 ("not specifically assessed").

Dr. Shafer's failure to give an opinion as to work-related limitations in his first evaluation, and his express refusal to opine regarding those limitations in the second, takes those opinions out from under the regulations regarding what opinions are eligible for controlling weight.  To be eligible for controlling weight under the regulations, the treating source's opinion must speak to work-related limitations.[12]

Dr. Angerman, on the other hand, did give an evaluation with work-related limitations.[13]  The ALJ, in the main, followed Dr. Angerman's evaluation in making a residual functional capacity finding, except that he disagreed with the assessment that Friend could not stand more than one hour in an eight-hour day.[14]  Instead, the ALJ found that Friend could stand no more than one hour at a time but could stand or walk for a total of six hours in an eight-hour workday.[15]  He based his finding on the opinion offered by the medical expert at the hearing.[16]

I have reviewed the treatment records of Dr. Angerman and find no notations specifically supporting the limitation of standing or walking to one hour in an eight-hour workday.  The opinion of the treating physician is entitled to controlling weight only if supported by "'medically acceptable clinical and laboratory diagnostic techniques ... not

---

[12] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

[13] Tr. at 440-41.

[14] *Id.* at 441.

[15] Tr. at 29.

[16] *Id.* at 59.

inconsistent with other substantial evidence in [the] case record....'"[17] In the absence of any evidence in Dr. Angerman's treatment notes, or elsewhere for that matter, supporting the more drastic limitation on standing or walking, I cannot find error in the ALJ's decision to rely on the limitation identified by the medical expert.

**3.     Mental limitations in the residual functional capacity finding**

As to mental limitations, Friend argues that the ALJ did not adequately accommodate the opinion of the consulting, examining psychologist, Curt S. Ickes, Ph.D. Dr. Ickes diagnosed Friend with adjustment disorder with mixed features of borderline intellectual functioning.[18] He opined that Friend had generally moderate functional limitations with a GAF of 65 (indicating only mild limitations).[19]

Contrary to Friend's position, the ALJ's mental residual functional capacity finding closely tracks Dr. Ickes's opinion. Dr. Ickes's moderate limitation on ability to withstand stress corresponds with the ALJ's limitation for no more than occasional significant work environment changes. The moderate limitation for ability to perform simple, repetitive tasks corresponds with the ALJ's limitation for simple repetitive work. Dr. Ickes's moderate limitation for ability to maintain attention, concentration, persistence, and pace corresponds to the ALJ's limitation for no fast-paced jobs. Finally, Dr. Ickes's moderate limitation for

---

[17] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 729 (N.D. Ohio 2005), quoting 20 C.F.R. § 404.1527(d)(2).

[18] Tr. at 289.

[19] *Id.*

-6-

understanding, remembering, and following instructions corresponds with the ALJ's limitation for simple one or two-step work.

Accordingly, the mental limitations incorporated into the residual functional capacity finding have the support of substantial evidence.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Friend had no disability. Accordingly, the decision of the Commissioner denying Friend disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: May 18, 2009                                s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge